IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Valtrus Innovations Ltd. and<br>Key Patent Innovations Ltd.<br><br>Plaintiff,<br><br>v.<br><br>Equinix, Inc.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:25-cv-00016-JRG<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS VALTRUS INNOVATIONS LTD.'S AND KEY PATENT INNOVATIONS LTD.'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this amended complaint for patent infringement and damages against Defendant Equinix, Inc. ("Equinix" or "Defendant") and, in support, allege the following:

## PARTIES

1. Plaintiff Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. HPE's worldwide corporate headquarters is located in Houston, Texas. One of HPE's primary U.S. facilities is located in Plano, Texas.

2. Plaintiff KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Equinix is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at One Lagoon Drive, Redwood City, CA 94065. Equinix has a regular and established place of business at a data center located in this District referred to as DA7, located at 6653 Pinecrest Drive, Plano, TX 75024 ("DA7"). On information and belief, Equinix may be served with process through its registered agent at United Agent Group, Inc, 1521 Concord Pike Suite 201, Wilmington, DE 19803.

**PATENTS IN SUIT**

4. Valtrus is the assignee of and owns all right and title to U.S. Patent Nos. 6,854,284 (the "'284 Patent"); 6,868,682 (the "'682 Patent"); 6,868,683 (the "'683 Patent"); and 7,939,967 (the "'967 Patent") (collectively, "the Asserted Patents").

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling, analytics for monitoring conditions in data centers, and structural and electrical organization of data centers.

6. The '284 Patent, entitled "Cooling of data centers," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '284 Patent is attached hereto as Exhibit 1.

7. The '284 Patent was in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '284 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8. The '682 Patent, entitled "Agent based control method and system for energy management," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '682 Patent is attached hereto as Exhibit 2.

9. The '682 Patent was in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

10. The '683 Patent, entitled "Cooling of data centers," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '683 Patent is attached hereto as Exhibit 3.

11. The '683 Patent was in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '683 Patent, including the right to seek damages, including past damages, for any infringement thereof.

12. The '967 Patent, entitled "Multiple power supply control," was duly and lawfully issued on May 10, 2011. A true and correct copy of the '967 Patent is attached hereto as Exhibit 4.

13. The '967 Patent was in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '967 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

14. Plaintiffs incorporate by reference paragraphs 1-13 herein.

15. This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

16. This District has general and specific personal jurisdiction over Equinix because, directly or through intermediaries, Equinix has committed acts within this District giving rise to this action; is present in and transacts and conducts business, directly, and/or indirectly, in this District and the State of Texas; and transacts and conduct business with residents of this District and the State of Texas.

17. Plaintiffs' causes of action arise, at least in part, from Equinix's contacts with and activities in and/or directed at this District and the State of Texas.

18. Equinix has infringed the Asserted Patents within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products and services covered by claims in the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents. Equinix, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products and services in or into this District and the State of Texas. Equinix regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

19. This Court has personal jurisdiction over Equinix pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.*

20. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

21. Equinix is doing business, either directly or through respective agents or subsidiary or related entities, on an ongoing basis in this Judicial District and elsewhere in the United States and has committed acts of infringement in this District. Equinix has a regular and established place of business in this Judicial District, including at its DA7 Data Center. On information and belief,

Equinix makes, uses, sells, offers to sell, and/or imports infringing products into and/or within this District, including at its DA7 Data Center. Equinix maintains a permanent and/or continuing presence within this District at its DA7 Data Center, and has the requisite minimum contacts with this District such that this venue is a fair and reasonable one. Upon information and belief, Equinix has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District.

## FIRST CLAIM

**(Infringement of the '284 Patent)**

22. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-21 of the Complaint.

23. The '284 Patent is generally directed to a system and method for cooling racks in a data center.

24. Equinix has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least Claim 10 of the '284 Patent, by making, using, selling, offering for sale, and/or importing systems in its data centers for cooling the data centers. For example, on information and belief, and before the expiration of the '284 Patent, Equinix operated cooling systems in its data centers in a manner that infringed the '284 Patent. An exemplary claim chart demonstrating one way in which Equinix infringed Claim 10 of the '284 Patent is attached as Exhibit 5.

## SECOND CLAIM

**(Infringement of the '682 Patent)**

25. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-24 of the Complaint.

26. The '682 Patent is generally directed to a system and method for controlling the temperature in a data center based on sensory data.

27. Equinix has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least Claim 1 of the '682 Patent, by making, using, selling, offering for sale, and/or importing systems in its data centers for cooling the data centers. For example, on information and belief, and before the expiration of the '682 Patent, Equinix operated cooling systems in its data centers in a manner that infringed the '682 Patent. An exemplary claim chart demonstrating one way in which Equinix infringed Claim 1 of the '682 Patent is attached as Exhibit 6.

## THIRD CLAIM

### (Infringement of the '683 Patent)

28. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-27 of the Complaint.

29. The '683 Patent is generally directed to cooling racks in a date center using returns and an outlet.

30. Equinix has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least Claim 10 of the '683 Patent, by making, using, selling, offering for sale, and/or importing systems in its data centers for cooling the data centers. For example, on information and belief, and before the expiration of the '683 Patent, Equinix operated cooling systems in its data centers in a manner that infringed the '683 Patent. An exemplary claim chart demonstrating one way in which Equinix infringed Claim 10 of the '683 Patent is attached as Exhibit 7.

## FOURTH CLAIM

### (Infringement of the '967 Patent)

31. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-30 of the Complaint.

32. The '967 patent is generally directed to multiple power supply control in data centers.

33. Equinix has been on notice of the '967 Patent and a specific factual basis for its infringement of the '967 Patent since at least the filing of Plaintiffs' Original Complaint. On information and belief, Equinix did not take any action to stop its infringement.

34. Equinix has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least Claim 1 of the '967 Patent, by making, using, selling and/or offering for sale data centers using multiple power supply control. For example, on information and belief, Equinix's redundant power systems in its U.S. data centers infringe the '967 Patent. An exemplary claim chart demonstrating one way in which Equinix infringes Claim 1 of the '967 Patent is attached as Exhibit 8.

35. To the extent Equinix fails to stop its infringement after being placed on notice of the above, such infringement has been willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Equinix as follows:

A. That Equinix has infringed each of the Asserted Patents, and unless enjoined, will continue to infringe one or more of the applicable Asserted Patents;

B. That Equinix's infringement of the applicable Asserted Patents has been willful;

C. That Equinix pay Plaintiffs damages adequate to compensate Plaintiffs for Equinix's past infringement of each of the Asserted Patents, and present and future infringement of the applicable Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

D. That Equinix pay prejudgment and post-judgment interest on the damages assessed;

E. That Equinix pay Plaintiffs enhanced damages pursuant to 35 U.S.C. § 284;

F. That Equinix be enjoined from infringing the applicable Asserted Patents, or if its infringement is not enjoined, that Equinix be ordered to pay ongoing royalties to Plaintiffs for any post-judgment infringement of the applicable Asserted Patents;

G. That this is an exceptional case under 35 U.S.C. § 285; and that Equinix pay Plaintiffs' attorneys' fees and costs in this action; and

H. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demands a trial by jury on all issues triable to a jury.

April 10, 2025

Respectfully submitted,

*/s/ Eric H. Findlay*
Matthew G. Berkowitz – LEAD ATTORNEY
Aaron Morris
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Patrick Colsher
Reichman Jorgensen Lehman & Feldberg LLP

400 Madison Avenue, Suite 14D
New York, NY 10017
(212) 381-1965
pcolsher@reichmanjorgensen.com

Connor S. Houghton
Ariane S. Mann (TX Bar No. 24140399)
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com
amann@reichmanjorgensen.com

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

*Attorneys for Plaintiffs*
*Valtrus Innovations Limited and Key Patent Innovations Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record.

/s/ *Eric H. Findlay*
Eric H. Findlay